# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

DONALD C. ERBACH, JR. and )
STEPHANIE S. STREETT, husband and )
wife, individually and on behalf of )
of all others similarly situated )

            Plaintiffs, )

        vs. )

SPIN MASTER, LTD., and )
SPIN MASTER, INC. )

        Defendants. )

Cause No. 4-07-CV-01112 JLH

**CLASS ACTION COMPLAINT**
**DEMAND FOR JURY TRIAL**

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Young_

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Donald C. Erbach, Jr. and Stephanie S. Streett, by counsel, on their own behalf and on behalf of all others similarly situated ("Plaintiffs"), tender the following Class Action Complaint and Demand for Jury Trial:

### I.

### JURISDICTION

1.    The United States District Court for the Eastern District of Arkansas has diversity jurisdiction over this Class Action lawsuit pursuant to 28 U.S.C. §1332(d).

2.    Upon information and belief, Spin Master, Ltd. is a corporate resident of Ontario, Canada and Spin Master, Inc. is a corporate resident of the State of Delaware. Plaintiffs are residents of the city of Little Rock and State of Arkansas. Pursuant to federal law, there must only be minimal diversity between the Plaintiff Class and the Defendants, meaning that only a

single member of the Plaintiff Class need be diverse from a single Defendant. *See* 28 U.S.C. §1332(d)(2)(A).

3. Upon information and belief, the amount in controversy exceeds the value of $5,000,000.00, exclusive of interest and costs. *See id.* at §1332(d)(6).

## II.
## VENUE

4. Venue in this judicial district is proper under 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claims herein described occurred within this judicial district.

## III.
## BACKGROUND

5. This is a lawsuit charging Spin Master, Ltd. and Spin Master, Inc. (collectively, "Spin Master" or "Defendants") with the illegal marketing and selling of various "Aqua Dots'" products (e.g., "Aqua Dots Tray & Spray Pack," "Aqua Dots Starter Pack," "Aqua Dots Super Studio," "Aqua Dots Themed Packs," etc.) (collectively, "Aqua Dots" or "Toys") to Plaintiffs and the absent members of the class Plaintiffs represent (hereinafter referred to as "Class Members").

6. Defendants marketed, promoted, advertised, sold, distributed, and/or placed into the stream of commerce various Aqua Dots. Aqua Dots were marketed and advertised throughout the nation and in the state of Arkansas as being safe for children. Moreover, Aqua Dots were sold in toy stores, department stores and specialty shops throughout the nation and the State of Arkansas.

7. Spin Master engaged in an aggressive marketing campaign specifically targeting young children. Spin Master ensured that our Nation's children and child care-givers, including

those in the State of Arkansas, were inundated with marketing and promotional information regarding Aqua Dots.

8.      Notably, Spin Master coordinated a substantial amount of its business activities in the United States of America and beyond, including the marketing and sale of Aqua Dots, through its offices and "show room" located in Bentonville, Arkansas.  In particular, Spin Master utilized its Arkansas Offices to facilitate the marketing and sale of Aqua Dots and its other products through Wal-Mart, the world's largest retailer.  Wal-Mart named the Aqua-Dots "Super Studio" as one of its Top 12 Toys of Christmas for 2007.

9.      Plaintiffs and Class Members purchased these Toys believing, based upon Defendants' representations, that the product was safe for their children.

10.     On or about October 30, 2007, it was reported that an approximately 20-month-old Arkansas child slipped into unconsciousness after ingesting Aqua Dots.  This would become one of the first of a string of reports of children throughout the country suffering terrifying reactions in response to the ingestion of Aqua Dots.

11.     On or about November 7, 2007, Defendants issued a recall of Aqua Dots.  By design, Aqua Dots were coated with a substance that causes the beads to stick to each other when water is added.  However, as studies have now documented, this same substance contains a chemical that becomes highly toxic once ingested and metabolized.  Children who swallow the beads can become comatose, develop respiratory depression, fall into seizures, and possibly die.

12.     According to Associated Press Reports, the toys, which were produced in China, were supposed to be manufactured (and, indeed, were  labeled by Spin Master as) utilizing 1,5-pentanediol, a nontoxic compound found in glue, but in fact contained the harmful 1,4-butanediol, a significantly cheaper chemical compound which is widely used in cleaners and

3

plastics. The Food and Drug Administration has declared the latter chemical a Class I Health Hazard, meaning it can cause life-threatening harm.

13.     Spin Master recalled all Aqua Dots sold after April 2007. Published reports indicate that approximately 4.2 Million Aqua Dots have been recalled at this time.

14.     Spin Master requested that retailers remove all of the recalled Aqua Dots from their shelves and requested that consumers immediately remove all Aqua Dots from the Class Members' children.

15.     If Plaintiffs and the Class Members had known the true nature of Aqua Dots -- i.e. the incredible health risk the Toys present to their children – they would not have purchased the Aqua Dots, nor would they have allowed their children to play with the dangerous Toys.

16.     The Toys were manufactured in China, and Spin Master failed to adequately screen and test the Aqua Dots, ignoring the threat that these Toys presented to children.

17.     Despite presenting Plaintiffs' and the Class Members' children with a product that poses the risk of respiratory depression, seizure, and death, Spin Master has not offered to refund the consumers' money. Instead, Spin Master has offered a "replacement" toy from Spin Master to compensate consumers.

18.     Respectfully, consumers do not want, nor should they be forced to accept, another toy from the same company that has been irresponsibly marketing and selling poison to their children.

19.     Plaintiffs bring this action individually and on behalf of all others similarly situated to, *inter alia,* recover damages and require Spin Master to properly refund Plaintiffs' and the Class Members' money that was spent on a defective and deceptively dangerous product.

4

## IV.
## PARTIES

20.     Plaintiffs Donald C. Erbach, Jr. and Stephanie S. Streett, husband and wife, are residents of Little Rock, Pulaski County, Arkansas. They are the parents of 5-year-old O.C.E. 4-year-old K.I.E., and 1-year-old C.R.E. Plaintiffs purchased Aqua Dots toys for O.C.E. and K.I.E. from Wal-Mart in the summer of 2007. Plaintiffs would not have purchased the Aqua Dots had they known of the tremendous health risk the Toys presented to their children.

21.     Defendant Spin Master, Ltd. is a corporate resident of Ontario, Canada.

22.     Defendant Spin Master, Inc. is a corporate resident of the State of Delaware.

## V.
## CLASS ACTION ALLEGATIONS

23.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek certification of a national Consumer Class (with the designation of statewide subclasses if the Court deems necessary and appropriate) defined as follows:

> All Consumer residents and/or domiciliaries of the United States who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

> Excluded from the proposed Class are (i) any Defendant, any entity in which any Defendant has a controlling interest or which has a controlling interest in any Defendant, and Defendants' legal representatives, predecessors, successors, and assigns; (ii) the judicial offices to whom this case is assigned; and (iii) any member of the immediate families of excluded persons.

24.     Should this court determine that a national Consumer Class would not satisfy the applicable requisites for class certification, Plaintiffs alternatively seek certification of a statewide class, defined as:

> All Consumer residents and/or domiciliaries of Arkansas who purchased and/or paid for various Aqua Dots Toys included in the November 7, 2007 recall.

Excluded from the proposed Class are (i) any Defendant, any entity in which
any Defendant has a controlling interest or which has a controlling interest
in any Defendant, and Defendants' legal representatives, predecessors,
successors, and assigns; (ii) the judicial offices to whom this case is
assigned; and (iii) any member of the immediate families of excluded
persons.

25.    Plaintiffs are informed and believe that the Class consists of many thousands of

persons throughout the United States, making individual joinder of all Class Members

impracticable.

26.    Questions of law and fact are common to the Plaintiff Class and predominate over

questions affecting only individual member, including, *inter alia,* the following:

a.    whether and when Spin Master knew or should have known of the

dangerous defects in the Toys;

b.    whether Spin Master knowingly, recklessly, and/or negligently concealed,

suppressed or failed to disclose the health risks of their Toys from regulators, and the public;

c.    whether Spin Master's conduct violated state consumer protection statutes

and state fraud and deceptive practice acts;

d.    whether Spin Master breached implied warranties covering its Toys;

e.    whether Spin Master acted negligently in the sale and promotion of their

Toys;

f.    whether Spin Master was unjustly enriched at the expense of Plaintiffs and

the Class;

g.    whether the Toys were inherently defective;

h.    whether the Toys presented a health risk to children; and,

       i.     whether a national class or statewide classes, and/or other subclasses, are superior, within the requirements of Rule 23(b)(3), on any of the Class Claims.

27.     Plaintiffs' claims are typical of the claims of the Class Members as described above; the claims arise form the same course of conduct by Spin Master and the relief sought is common.

28.     Plaintiffs will fairly and adequately represent and protect the interests of all Class Members.  Plaintiffs will be represented by counsel competent and experienced in both consumer protection and class action litigation.

29.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(A), because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members and potentially establish incompatible standards of conduct for Spin Master.

30.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(1)(B) because the prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interest of the other members not parties to these adjudications and/or substantially impair their ability to protect these interests.

31.     Class certification is proper under Federal Rule of Civil Procedure 23(b)(3), because common issue of law and fact predominate over any questions affecting only individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

32.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.  Furthermore, because the

economic damages suffered by the individual Class Members may be relatively modest, albeit

significant, compared to the expense and burden of individual litigation, it would be

impracticable for Class Members to seek redress individually for the wrongful conduct alleged

herein. There will be no difficulty in the management of this litigation as a class action.

33.     Plaintiffs seek a class certification decision that, regardless of the applicable

subsection of Rule 23 under which class treatment is granted, (1) preserves the right of Class

Members to exclude themselves from the Class under Rule 23(c)(2)(B), unless the Court makes a

finding that Defendants' available assets and insurance constitute a traditional "limited fund"

under the meaning of *Ortiz v. Fibreboard*, 527 U.S. 815, 816 (1999) and (2) if appropriate,

grants class certification with respect to particular issues under 23(c)(4)(A).

## VI.
### FIRST CAUSE OF ACTION

(Defendants' Violation of the Arkansas Deceptive Trade Practices Act and the Similar Acts of
the Various States)

34.     Plaintiffs incorporate by reference the preceding paragraphs as if they were fully

set forth herein.

35.     Spin Master had a statutory duty to refrain from unfair or deceptive acts or

practices in the design, development, manufacture, promotion and sale of their Toys.

36.     Had Spin Master not engaged in the deceptive conduct described above, Plaintiffs

and the Class Members would not have purchased the Toys.

37.     Spin Master's deceptive, unconscionable and/or fraudulent representations and

material omissions to consumers and the public, including Plaintiffs and the Class Members,

constituted unfair and deceptive acts and practices in violation of the state consumer protection

statutes listed below.

      a.     Defendants have engaged in unfair competition or unfair or deceptive

8

acts or practices in violation of Ala. Code § 8-19-1, *et seq.*;

      b.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Alaska Stat. § 45.50.471, *et seq.;*

      c.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ariz. Rev. Stat. § 44-1522, *et seq.;*

      d.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ark. Code § 4-88-101, *et. seq.*;

      e.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Cal. Civ. Code § 1770 et seq. and Cal Bus. & Prof. Code § 17200, *et seq.*;

      f.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Colo. Rev. Stat. § 6-1-105, *et. seq.;*

      g.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Conn. Gen. Stat. § 2-1 10a, *et seq.*;

      h.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 6 Del. Code §§ 2511, et seq. and 2531, *et. seq.*;

      i.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of D.C. Code § 28-3901, *et. seq.*;

      j.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Fla. Stat. § 501.201 *et seq.*;

      k.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ga. Stat. §§ 10-1-372, *et seq.*, 10-1-392 and 10-1-420.

      l.    Defendants have engaged in unfair competition or unfair or deceptive

acts or practices in violation of Haw. Rev. Stat. § 480-1, *et seq.*;

  m.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Idaho Code § 48-601, *et seq.*;

  n.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 815 ILCS §505/1, *et seq.;*

  o.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ind. Code Ann. § 24-5-0.5-1, et seq.;

  p.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Iowa Code § 714.16, *et seq.*;

  q.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Kan. Stat. § 50-623, *et seq.*;

  r.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ky. Rev. Stat. § 367.170, *et seq.*;

  s.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. § 51:1401, *et seq.*;

  t.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 5 Me. Rev. Stat. § 205A, *et seq.*;

  u.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Md. Com. Law Code § 13-101, *et seq.*;

  v.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mass. Gen. L. Ch. 93 A, *et seq.*;

  w.  Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mich. Comp. Laws Ann. § 445.90 1, *et seq.*;

x. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Minn. Stat. §§ 325D.43, *et seq.*; 325 F.67, *et seq.*; and 325F.68 *et seq.*;

y. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Miss. Code Ann. § 75-24-1, *et seq.*;

z. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Vernon's Ann. Missouri Stat. § 407.010, *et seq.*;

aa. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Mont. Code Ann. § 30-14-101, *et. seq*;

bb. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Neb. Rev. Stat. § 59-1601, *et seq.;*

cc. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Nev. Rev. Stat. Ann. § 598.0903, *et seq.*;

dd. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.H. Rev. Stat. § 358-A:1, *et seq.*;

ee. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*;

ff. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. § 57-12-1, *et seq.*;

gg. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law §§ 349 *et seq.* and 350-e, *et seq.*;

hh. Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.C. Gen. Stat. § 75-1.1, *et seq.*;

ii.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.D. Cent. Code §§ 51-12-01, et seq., and 51-15-01, *et seq.;*

jj.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Ohio Rev. Stat. § 1345.01, *et seq.;*

kk.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Okla. Stat. § 15 751, *et seq.;*

ll.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Or. Rev. Stat. § 6464.605, *et seq.;*

mm.   Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of 73 Pa. Stat. § 201-1, *et seq.;*

nn.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of R.I. Gen. Laws. § 6-13.1-1, *et seq.;*

oo.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.C. Code Laws § 39-5-10, *et seq.;*

pp.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of S.D. Codified Laws § 37-24-1, *et seq.;*

qq.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tenn. Code § 47-18-101, *et seq.;*

rr.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.41, et seq.;

ss.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Utah Code § 13-11-1, *et seq.;*

tt.     Defendants have engaged in unfair competition or unfair or deceptive

acts or practices in violation of 9 Vt. § 2451, *et seq.*;

      uu.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Va. Code § 59.1-196, *et seq.*;

      vv.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wash. Rev. Code. § 19.86.0 10, *et seq.*;

      ww.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of West Virginia Code § 46A-6-101, *et seq.*;

      xx.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wis. Stat. § 100.20, *et seq.;* and,

      yy.    Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of Wyo. Stat. § 40-12-101, *et seq.*

38.      Plaintiffs and members of the class relied upon Defendants' misrepresentations and/or omissions in buying the Defendants Toys.

39.      Plaintiffs will provide any required notice to appropriate entities regarding Defendants' unfair and deceptive trade practices.

40.      As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class Members have been damaged by paying for these Toys.

41.      As a direct and proximate result of Defendants' wrongful conduct, Plaintiffs and the Class are entitled to compensatory damages, treble damages, attorneys' fees and cost of this suit.

## SECOND CAUSE OF ACTION
(Defendants' Breach of the Implied Warranty of Merchantability)

42.      Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

43.     Spin Master sold and promoted their Toys and placed them into the stream of commerce.  Spin Master knew or had reason to know of the specific use for which the Toys were purchased and impliedly warranted that its Toys were of merchantable quality and fit for such use.

44.     Plaintiffs and the Class Members reasonably relied upon the expertise, skill, judgment, and knowledge of Spin Master and upon its implied warranty that their Toys were of merchantable quality and fit for the intended use.

45.     Spin Master knew, should have known, or had reason to know that Plaintiffs and the Class Members were influenced to approve and purchase their children's Toys because of Spin Master's expertise, skill, judgment, and knowledge in furnishing their Toys for that use.

46.     Spin Masters' Toys were not of merchantable quality and were not fit for their intended use, because they contained substances dangerous to humans, especially small children.

a.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ala. Code § 7-2-314, *et. seq.*

b.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Alaska St. § 45.02.314, *et. seq.*

c.     Defendants breached the implied warranty their Toys were of merchantable quality and fit for such use in violation of Ariz. Rev. Stat. Ann. § 47-2314, *et. seq.*

d.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ark. Code Ann. § 4-2-314, *et. seq.*

e.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Cal. Comm. Code § 2314, *et. seq.*

f.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Co. Rev. St. § 4-2-314, *et. seq.*

g.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Conn. Gen. Stat. Ann. § 42a-2-314, *et. seq.*

h.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 6 Del. C. § 2-314, *et. seq.*

i.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of D.C. Code § 28:2-314, *et. seq.*

j.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Fla. Stat. Ann. § 672.314, *et. seq.*

k.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ga. Code. Ann. § 11-2-314, *et. seq.*

l.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Haw. Rev. Stat. § 490:2-314, *et. seq.*

m.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Id. Code § 28-2-314, *et. seq.*

n.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ill. Comp. Stat. Ann. Ch. 810, 5/2-314, *et. seq.*

o.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ind. Code Ann. § 26-1-2-314, *et. seq.*

p.      Defendants breached the implied warranty that their Toys were of

merchantable quality and fit for such use in violation of Iowa Code Ann. § 554.2314, *et. seq.*

   q.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Kansas Stat. Ann. § 84-2-314, *et. seq.*

   r.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ken. Rev. Stat. Ann. § 355.2-314, *et. seq.*

   s.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of, and is liable under La. Civ. Code Ann. Art. 2520, et seq.

   t.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 11 Maine Rev. Stat. Ann. § 2-314, *et. seq.*

   u.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Md. Code Ann., Com. Law § 2-314, *et. Seq.*

   v.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mass. Gen. Laws Ann. Ch. 106 § 2-314, *et. seq.*

   w.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mich. Comp. Laws Ann. § 440.2.314, *et. seq.*

   x.  Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Minn. Stat. Ann. § 336.2-314, *et. seq.*

y.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Miss. Code Ann. § 75-2-314, *et. seq.*

z.      Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Missouri Rev. Stat. § 400.2-314, *et. seq.*

aa.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Mont. Code Ann. § 30-2-314, *et. seq.*

bb.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Nev. Rev. Stat. U.C.C. § 104.2314, *et. seq.*

cc.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.H. Rev. Stat. Ann. § 382-A:2-314, *et. seq.*

dd.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.J. Stat. Ann. § 12A:2-314, *et. seq.*

ee.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.M. Stat. Ann. § 55-2-314, *et. seq.*

ff.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.Y. U.C.C. Law 2-314, *et. seq.*

gg.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.C. Gen. Stat. Ann. § 25-2-314, *et. seq.*

hh.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of N.D. Stat. § 41-02-314, *et. seq.*

ii.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ohio Rev. Code Ann. § 1302.27, *et. seq.*

jj.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 12A Okla. Stat. § 2-314, *et. seq.*

kk.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Or. Rev. Stat. § 72.3140, *et. seq.*

ll.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of 13 Pa. Stat. Ann. § 2314, *et. seq.*

mm.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of R.I. Gen. Laws § 6A-2-314, *et. seq.*

nn.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.C. § 36-2-314, *et. seq.*

oo.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of S.D. Stat. 57A-2-314, *et. seq.*

pp.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tenn. Code Ann. § 47-2-314, *et. seq.*

qq.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Tex.Bus. & Com. Code Ann. § 2.314, *et. seq.*

rr.     Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Ut. Code Ann. § 70A-2-314, *et. seq.*

ss.     Defendants breached the implied warranty that their Toys were of

18

merchantable quality and fit for such use in violation of Va. Code Ann. § 8.2-314 , *et. seq.*

tt.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Vt. Stat. Ann. § 9A-2-314, *et. seq.*

uu.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wa. Rev. Code § 62A.2-314, *et. seq.*

vv.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of W.Va. Code § 46-2-314, *et. seq.*

ww.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of  Wis. Stat. Ann. § 402.314, *et. seq.*

xx.    Defendants breached the implied warranty that their Toys were of merchantable quality and fit for such use in violation of Wyo. Stat. § 34.1-2-314, *et. seq.*

47.    As a direct and proximate cause of Defendants' breach of the implied warranty of merchantability, Plaintiffs and the Class Members suffered ascertainable losses, injuries, and damages as specified herein in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
(Unjust Enrichment)

48.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein; however, this Cause of Action is expressly pled in the alternative of any contract-based or legal causes of action.

49.    Defendants have been, and continue to be, unjustly enriched, to the detriment of and at the expense of Plaintiffs and the Class Members, as a result of its unlawful and/or wrongful collection of, *inter alia*, the Plaintiffs and the Class Members' payments for Defendants' Toys such that Defendants' retention of such payments is inequitable.

50.    Defendants have unjustly benefited through the unlawful and/or wrongful

19

collection of, inter alia, payments for Defendants' Toys, and continue to so benefit to the detriment and at the expense of the Plaintiffs and the Class Members.

51. Accordingly, Defendants should not be allowed to retain the proceeds from the benefits conferred upon it by the Plaintiffs and the Class Members, who seek disgorgement of Defendants' unjustly acquired profits and other monetary benefits resulting from its unlawful conduct, and seek restitution and/or rescission for the benefit of Plaintiffs and the Class Members, in an equitable and efficient fashion to be determined by the Court.

52. Plaintiffs and the Class Members are entitled to the imposition of a constructive trust upon Defendants such that its enrichment, benefit and ill-gotten gains may be allocated and distributed equitably by the Court to and/or for the benefit of Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, for themselves and all others similarly situated, respectfully request that this Court enter a judgment against Defendants and in favor of Plaintiffs, and grant the following relief:

A. Determine that this action may be maintained as a class action with respect to a national class or with subclasses corresponding to the several states' laws, or, in the alternative, an Arkansas statewide class, pursuant to the appropriate subsections of Rule 23 of the Federal Rules of Civil Procedure; that the court certify a class action with respect to particular issues if appropriate, and that the Court designate and appoint Plaintiff and counsel to serve as Class Representatives and Class Counsel;

B. Declare, adjudge and decree the conduct of the Defendants as alleged herein to be unlawful;

C. Grant Plaintiffs and Class Members awards of actual, compensatory, punitive and/or exemplary damages in such amount to be determined at trial and as provided by applicable law;

D. Grant Plaintiffs and Class Members their costs of suit, including reasonable attorneys' fees, and expenses as provided by law; and,

E. Grant Plaintiffs and Class Members such other, further, and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

## DEMAND FOR TRIAL BY JURY

Plaintiffs, by counsel, request a trial by jury on those causes of actions and requests for relief set forth herein.

Respectfully submitted:

STREETT LAW FIRM, P.A.

By: _____
Alex G. Streett, ABA #65038
James A. Streett, ABA #2007092
107 West Main
Russellville, AR 72811
Telephone:    479-968-2030
Facsimile:    479-968-6253
Email: alex@streettlaw.com;
       james@streettlaw.com