BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

_____
                                              :
In Re: Aqua Dots Litigation                   :        MDL Docket No. _____
_____     :

## MOVING DEFENDANTS' MOTION FOR CONSOLIDATION AND TRANSFER FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Spin Master, Ltd. and its wholly-owned subsidiary, Spin Master, Inc., (collectively, "Moving Defendants") herein move pursuant to 28 U.S.C. § 1407 for the transfer and consolidation for pretrial proceedings of seven related putative class actions set forth in the Schedule of Actions, as further set forth in the contemporaneously-filed Brief in Support.

WHEREFORE, Moving Defendants respectfully request that this Panel issue an Order transferring the seven actions named in the Schedule of Actions and the Brief in Support pursuant to 28 U.S.C. § 1407 for coordination and consolidation of pretrial proceedings either to Judge Coar of the Northern District of Illinois or to Judge Holmes of the Eastern District of Arkansas, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: *Laurel J Harbour*

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

2763265v1

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

---

In Re: Aqua Dots Litigation      :

                         :      MDL Docket No. _____

---
      :

## MOVING DEFENDANTS' BRIEF IN SUPPORT OF CONSOLIDATION AND TRANSFER FOR PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Spin Master, Ltd., a Canadian corporation, and its wholly-owned American subsidiary, Spin Master, Inc., (collectively, "Moving Defendants") submit this brief in support of transfer and consolidation for pretrial proceedings of seven related putative class actions:

- *Bertanowski et al. v. Moose Enterprise Pty Ltd., Spin Master, Ltd., Spin Master, Inc., and Target Corp.*, No. 07-22941, in the United States District Court for the Southern District of Florida;

- *Botsch v. Spin Master, Ltd. and Spin Master, Inc.*, No. 307-CV-1948-G, in the United States District Court for the Northern District of Texas;

- *Burgess v. Spin Master, Ltd.*, No. 07-5110-CV-SW-RED, in the United States District Court for the Western District of Missouri;

- *Cosgrove v. Spin Master, Ltd., Spin Master, Inc., and Moose Enterprises*, No. CV07-7544, in the United States District Court for the Central District of California;

- *Erbach, et al. v. Spin Master, Ltd. and Spin Master, Inc.*, No. 4-07-CV-01112, in the United States District Court for the Eastern District of Arkansas;

- *Soderstedt v. Moose Enterprise Pty Ltd., Spin Master, Ltd., Spin Master, Inc., and Does 1 through 10*, No. CV07-07546, in the United States District Court for the Central District of California; and

- *Williams v. Spin Master, Ltd.*, No. 07CV6387, in the United States District Court for the Northern District of Illinois.[1]

---

[1]    A full list of the parties in each case is contained in the Schedule of Actions, which is filed contemporaneously herewith.

Transfer and consolidation of these actions for pretrial proceedings, including dispositive motions, class action discovery, and class certification briefing and hearing, will further the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Such transfer and consolidation will also avoid the significant risk of inconsistent pretrial rulings, an important consideration when dealing with putative nationwide classes.

## INTRODUCTION

Moving Defendants are defendants in seven lawsuits filed in six federal jurisdictions: the United States District Courts for the Eastern District of Arkansas, the Central District of California, the Southern District of Florida, the Northern District of Illinois, the Western District of Missouri, and the Northern District of Texas.[2] The core factual allegations in these seven cases are similar, focusing on a line of toys called "Aqua Dots." Aqua Dots are craft kits that allow children to create various multi-dimensional designs using small colored beads that fuse together when sprayed with water. They were allegedly manufactured by a Chinese company represented by Moose Enterprise Pty Limited ("Moose"), an Australian entity, and distributed by Moving Defendants.[3] Unbeknownst to Moving Defendants, the Chinese manufacturer of Aqua Dots substituted 1,4-butanediol for 1,5-pentanediol in manufacturing the coating on Aqua Dots. In late October or early November 2007, the Consumer Product Safety Commission received reports that two children were hospitalized after ingesting Aqua Dots coated with 1,4-butanediol. Moving Defendants worked with the CPSC to voluntarily recall of all Aqua Dots products on November 7, 2007.

---

[2]   Spin Master, Ltd., the Canadian parent company located in Toronto, Ontario, is a defendant in all seven of the pending cases. Its wholly-owned U.S. subsidiary, Spin Master, Inc., is a defendant in five of the cases.

[3]   Moving Defendants do not know whether Moose, a defendant in three of the seven pending actions on opposite sides of the country, has been served. Moose has not entered an appearance in any of the cases. Moreover, the Chinese manufacturer is not currently a party to any of the cases.

2

The seven cases listed above each seek certification of a nationwide class action challenging the adequacy of the CPSC-Spin Master voluntary recall. The claims asserted in the various complaints include: consumer protection violations; unjust enrichment; implied warranty; negligence; strict liability; medical monitoring; and express warranty. One or both Moving Defendants are named in each of the seven cases.

For the reasons set forth below, Moving Defendants propose the consolidation of these seven actions for pretrial proceedings before either Judge David H. Coar of the Northern District of Illinois, who is currently presiding over the *Williams* Aqua Dots case, or Chief Judge J. Leon Holmes of the Eastern District of Arkansas, who is presiding over the *Erbach* Aqua Dots case.

## ARGUMENT

### I. Consolidation and Transfer of These Related Actions For Pretrial Proceedings Will Further the Goals of Section 1407.

The seven actions discussed above – all of which are premised on parallel factual allegations and seek similar relief – should be consolidated and coordinated for pretrial proceedings, including the determination of whether class certification is appropriate in this instance. Actions that involve common allegations of fact may be transferred and consolidated for pretrial proceedings under 28 U.S.C. § 1407 to "serve the convenience of parties and witnesses" and to "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407. The purpose of the Judicial Panel on Multidistrict Litigation rules is to (1) eliminate duplicative discovery; (2) avoid conflicting rulings and schedules; (3) reduce litigation costs; and (4) conserve the time and effort of parties, attorneys, witnesses, and courts. See Manual for Complex Litigation (Fourth) at § 20.131 (2004), citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968), and *In re Pfizer Inc. Sec., Derivative & ERISA Litig.*, 374 F. Supp. 2d

1348 (J.P.M.L. 2005). Without consolidation for pretrial proceedings, the objectives and advantages of MDL rules will be defeated.

While Section 1407 does not require a "complete identity or even a majority" of common issues for transfer to be appropriate, *In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004), there is substantial overlap in the allegations and legal theories here. Factually, each Plaintiff generally alleges that Aqua Dots were defectively designed and/or manufactured in China; that Aqua Dots were improperly coated with 1,4-butanediol; that children were exposed to a hazardous substance and are at an increased risk of becoming ill; that a voluntary recall was issued on November 7, 2007; and that Moving Defendants have not offered an adequate remedy to customers returning Aqua Dots.

Transfer and consolidation for pretrial proceedings will streamline the discovery process in these cases by avoiding substantial duplication. It is almost certain that the parties will seek many of the same documents and information in each of the seven actions, and consolidation for pretrial proceedings will serve the parties' and witnesses' convenience by eliminating duplicative discovery requests and depositions and by facilitating the resolution of discovery disputes. *See In re McDonalds' French Fries Litig.*, 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006) ("Centralization under Section 1407 is necessary . . . to eliminate duplicative discovery . . . ."). Further, factual discovery of entities in China and Australia will be difficult enough in one case and should be avoided in multiple cases simultaneously.

The complaints also substantially overlap in terms of legal issues. All Plaintiffs have asserted claims sounding in both contract (every one claims breach of warranty) and in tort (including claims in six of the seven cases for violations of the several states' consumer protection acts and for unjust enrichment). All of the complaints face several similar legal Rule

4

12 challenges, such as the problem that no Plaintiff can show damages because they could choose either replacement product or a full refund of the purchase price. Consolidation for pretrial proceedings is necessary to avoid inconsistent rulings on these types of pretrial matters. *See In re Maytag Corp. Neptune Washer Prods. Liab. Litig.*, 333 F. Supp. 2d 1382, 1383 (J.P.M.L. 2004) (recognizing that centralization was appropriate in order to prevent inconsistent pretrial rulings, especially with respect to jurisdictional matters); *see also In re Puerto Rico Air Disaster Litig.*, 340 F. Supp. 492 (D.P.R. 1972) (dismissal of certain cases by transferee court for lack of personal jurisdiction); *In re TMJ Implants Prods. Liab. Litig.*, 872 F. Supp. 1019 (D. Minn. 1995), *aff'd*, 97 F.3d 1050 (8th Cir. 1996) (granting of partial summary judgment by transferee court). The consolidation of these cases before a single judge for pretrial proceedings will conserve judicial resources by allowing a single judge to focus on the factual intricacies of these cases.

Every one of the seven cases also seeks to be declared a nationwide class action, itself a complicated legal question. Individual district court decision-making in the related actions will create the very real risk of inconsistent or conflicting class certification determinations. This Panel has expressly recognized the "difficulty of class certification decisions" and the importance of pretrial coordination and consolidation before a single judge in order to avoid duplicative and inconsistent class certification rulings. *See In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P.M.L. 1981); *see also In re Pfizer Inc. Sec., Derivative & "ERISA" Litig.*, 374 F. Supp. 2d 1348, 1349 (J.P.M.L. 2005) (holding centralization "[n]ecessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to questions of class certification; and conserve the resources of the parties, their counsel and the judiciary"). In consolidated litigation, the

5

transferee court is authorized to decide all class certification issues. *See In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("As the Panel has held in several past litigations, matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency.").

## II. The Northern District of Illinois and the Eastern District of Arkansas Are Appropriate Transferee Courts for the Aqua Dots Litigation.

The central factors to be considered by this Panel in making the determination of the appropriate forum are:

(1)     the location of the parties, witnesses, and documents;

(2)     the accessibility of the proposed transferee district to parties and witnesses; and

(3)     the respective caseloads of the proposed transferee district courts.

*See In re Corn Derivatives Antitrust Litig.,* 486 F. Supp. 929, 931-32 (J.P.M.L. 1980). Here, the "center of gravity" of the litigation and the dockets of the courts in which these cases are pending support the Northern District of Illinois and the Eastern District of Arkansas as favorable transferee courts for these cases.

### A. The Northern District Of Illinois Is An Appropriate Transferee Court for This Litigation.

#### 1. A Material Number of the Parties and Witnesses Are Located In or Near the Northern District of Illinois

The seven Aqua Dots cases are concentrated predominately in the Central Time Zone. One of the seven pending cases was filed in Illinois;[4] one in Missouri; one in Arkansas; and one in Texas. The other three cases are filed in two outlying jurisdictions: the Central

---

[4]     The class representative in the Illinois-based case is an Oklahoman, further underscoring the Midwestern emphasis in the pending Aqua Dots cases.

6

District of California[5] and the Southern District of Florida. Thus, the primary witnesses in these cases – the putative class representatives – and their evidence are not concentrated in a single jurisdiction, and the Northern District of Illinois is reasonably central for them.

However, Moving Defendant Spin Master, Ltd., is a Canadian company and the parent company of the other Moving Defendant, Spin Master, Inc. Its offices are located in Toronto, Ontario, and most of its witnesses and documents are located there. The Northern District of Illinois is the jurisdiction most geographically proximate to these witnesses and documents.

2.      The Northern District of Illinois Is Readily Accessible to Parties, Witnesses, and Counsel.

Although this litigation is only in its infancy, it already involves parties, witnesses, and counsel scattered across the United States and in Ontario, Canada. In litigation such as this, there are tangible benefits to consolidation in a centralized district with frequent commercial airline flights.

The Northern District of Illinois is the most convenient option of the six districts where theses cases are pending, and it is easily accessible to the parties and witnesses. The Chicago airports offer the full service of virtually every major domestic air carrier, with non-stop service available to most major metropolitan areas in the United States. It is also the most convenient location for Moving Defendant Spin Master, Ltd. In fact, this Panel has previously recognized the advantage of consolidating national litigation in the geographically-centralized and easily accessible Northern District of Illinois. *See In re McDonalds' French Fries Litig.*, 444 F. Supp. 2d 1342, 1343 (J.P.M.L. 2006) ("[G]iven the geographic dispersal of the

---

[5]      The sole named plaintiff in the *Cosgrove* California case is a New York resident.

7

constituent actions, the Northern District of Illinois offers a relatively geographically central and accessible forum for this litigation.").

      3.    Judge David H. Coar of the Northern District of Illinois Is Qualified to Oversee This Litigation.

      The complexity of these issues favors consolidation for pretrial proceedings before a single district judge capable of devoting the judicial resources necessary to develop, understand, and manage these issues during the course of the litigation. *See In re Paxil*, 296 F. Supp. 2d at 1375 (transferring complex products liability litigation to "a seasoned jurist in a district with the time and capacity to handle" the litigation).[6] Judge David H. Coar of the Northern District of Illinois is exactly this type of judge. He was appointed to the federal bench in 1994 and has a wealth of experience overseeing complex civil litigation. Indeed, by Moving Defendants' count, he has decided class certification in more than two dozen cases. Judge Coar also offers previous experience as an MDL judge: he currently presides over two sets of cases consolidated by the JPML. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 2007 WL 898600 (N.D. Ill. Mar. 21, 2007), and *In re JP Morgan Chase & Co. Sec. Litig.*, 452 F. Supp. 2d 1350 (J.P.M.L. 2006). His current caseload of approximately 533 open cases is manageable when compared to the other district judges presiding over Aqua Dots cases.[7]

---

[6]    *See also, e.g., In re. Bextra and Celebrex Prods. Liab. Litig.*, 2005 WL 2206577 at *2 (transferring complex products liability litigation to "a jurist experienced in complex multidistrict litigation and sitting in a district with the capacity to handle this litigation"); *In re Vioxx*, 360 F. Supp. 2d at 1354 (same); *In re Silica Prods. Liab. Litig.*, 280 F. Supp. 2d at 1383 (transferring complex products liability litigation to "an experienced transferee judge for multidistrict litigation . . . with a relatively low caseload").

[7]    By Moving Defendants' count, Judge Jordan (*Bertanowski*, in S.D. Fla.) presides over approximately 676 open cases; Judge Fish (*Botsch*, in N.D. Texas) has approximately 542 open cases; Judge Dorr (*Burgess*, in W.D. Mo.) has approximately 590 open cases; Judge Morrow (*Cosgrove*, in C.D. Cal.) has approximately 840 open cases on her docket; Judge Holmes (*Erbach*, in E.D. Ark., discussed *infra*), presides over approximately 474 open cases; and Judge Anderson (*Soderstedt*, in C.D. Cal.) has approximately 675 open cases.

**B. The Eastern District of Arkansas Is Also an Appropriate Transferee Court for This Litigation.**

    1. <u>Chief Judge J. Leon Holmes of the Eastern District of Arkansas Is Qualified and Available To Oversee This Litigation.</u>

As noted above, this litigation presents the type of complex product liability class action claims that call for a judge capable of devoting the time and resources required to manage it. Chief Judge J. Leon Holmes of the Eastern District of Arkansas is well-qualified to handle such litigation. Appointed to the federal bench in 2004, Judge Holmes has demonstrated legal knowledge, skills and abilities in numerous cases and is highly regarded by members of the Arkansas bar. Moreover, Judge Holmes appears to have the space on his docket to handle this MDL. His current caseload consists of approximately 474 civil cases, which appears particularly manageable when compared to the civil caseload borne by his brethren overseeing Aqua Dots cases in other districts. (*See supra.*)

    2. <u>A Material Number of the Parties and Witnesses Are Located In or Near the Eastern District of Arkansas</u>

Arkansas is the center of gravity for the named plaintiffs. One of the named plaintiffs is an Arkansas resident, and three others reside in the neighboring states of Missouri, Texas, and Oklahoma. One action was filed in Arkansas; two were filed in neighboring states; and a fourth, in Illinois, was filed in a two-state radius. In addition, from a geographic standpoint, the Eastern District of Arkansas is central. In fact, this Panel has previously noted the Eastern District of Arkansas' geographically central location. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003) ("Given the range of locations of parties and witnesses in this docket and the geographic dispersal of current and anticipated constituent actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the Eastern District of Arkansas is an appropriate forum for this docket, we note

9

that the Arkansas district, where one constituent action is already pending, is a geographically central district equipped with the resources that this complex docket is likely to require.").

  3.  The Eastern District of Arkansas Is Readily Accessible to Parties, Witnesses, and Counsel.

As noted above, the parties, witnesses, and attorneys involved in these cases are scattered across the United States and in Toronto, Ontario, Canada. Little Rock, the capital of Arkansas, enjoys the full service of virtually every major domestic air carrier, with non-stop service available to many major metropolitan areas, including New York, Chicago, Atlanta, Dallas, Houston, Denver, Memphis, Kansas City, Minneapolis, and Washington, D.C.[8] *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003). On the other hand, this district is less convenient for Toronto-based Moving Defendant Spin Master, Ltd.

  4.  The Eastern District of Arkansas Is Well-Equipped to Accept Transfer.

The Eastern District of Arkansas has just opened a $65 million annex to its federal courthouse. Thanks in no small part to this addition, the Eastern District's Richard Sheppard Arnold courthouse is a state-of-the-art facility that is perfectly suited for complex litigation such as this, with a dozen flat-screen monitors in the courtrooms and the litigation technology to match. Indeed, even before the renovation, this Panel recognized the capability of the Eastern District of Arkansas to oversee complex consolidated litigation. *See In re Prempro Prods. Liab. Litig.*, 254 F. Supp. 2d 1366, 1368 (J.P.M.L. 2003).

## CONCLUSION

Because the named plaintiffs and defendants in these cases are not centralized in any one particular jurisdiction, Moving Defendants suggest two options for the consolidation and

---

[8] *See* Little Rock National Airport Airline Information, available at http://www.lrn-airport.com/airlines/nonstop_service.asp (citing cities served by non-stop flights out of Little Rock).

2750860v4

coordination of the pretrial proceedings of these seven cases. Judge Holmes' state-of-the-art courtroom in the Eastern District of Arkansas is geographically central for four of the seven named plaintiffs, who reside either in Arkansas or in an adjacent state. On the other hand, Judge Coar's Chicago courtroom in the Northern District of Illinois is also centrally located and is closest to Canadian Moving Defendant Spin Master, Ltd. These two judges have the lightest current caseloads of the seven judges to whom these cases have been assigned, both are recognized for their legal abilities and case management skills, and either would be a fine judge to oversee the Aqua Dots litigation.

       For the foregoing reasons, Moving Defendants respectfully request that this Panel issue an Order transferring these actions pursuant to 28 U.S.C. § 1407 for pretrial coordination and consolidation for pretrial proceedings either to Judge Coar of the Northern District of Illinois or to Judge Holmes of the Eastern District of Arkansas.

11

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: *Laurel J Harbour*

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

12

2750860v4

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: Aqua Dots Litigation

:
:    MDL Docket No. _____
:

## SCHEDULE OF ACTIONS

| Case Caption | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Donald C. Erbach, Jr.; Stephanie S. Streett<br>**Defendants:**<br>Spin Master, Ltd.; Spin Master, Inc. | E.D. Arkansas (Western Division) | 4-07-CV-01112 | J. Leon Holmes |
| **Plaintiff:**<br>Sandra I. Soderstedt<br>**Defendants:**<br>Moose Enterprise Pty Ltd.; Spin Master, Ltd.; Spin Master, Inc.; Does 1 through 10 | C.D. California | CV07-07546 | Percy Anderson |
| **Plaintiffs:**<br>Kim A. Cosgrove<br>**Defendants:**<br>Spin Master, Ltd.; Spin Master, Inc.; Moose Enterprises | C.D. California | CV07-07544 | Margaret Morrow |
| **Plaintiffs:**<br>Simon Bertanowski; Sara Bertanowski; Anthony B. White<br>**Defendants:**<br>Moose Enterprise Pty Ltd.; Spin Master, Ltd.; Spin Master, Inc.; Target Corp. | S.D. Florida | 07-22941 | Adalberto Jordan |
| **Plaintiffs:**<br>Robyn Williams<br>**Defendants:**<br>Spin Master, Ltd. | N.D. Illinois | 07CV6387 | David H. Coar |
| **Plaintiffs:**<br>Michael J. Burgess<br>**Defendants:**<br>Spin Master, Ltd. | W.D. Missouri (Central Division) | 3:07-cv-05110 | Richard E. Dorr |
| **Plaintiffs:**<br>Eric K. Botsch<br>**Defendants:**<br>Spin Master, Ltd.; Spin Master, Inc. | N.D. Texas (Dallas Division) | 07 CV 1948 | A. Joe Fish |

A courtesy copy of the complaints in each of these cases is attached hereto.

2764392v1

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: _Laurel J Harbour_

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

2

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In Re: Aqua Dots Litigation

    :

    :

    :

MDL Docket No. _____

## CERTIFICATE OF SERVICE

I hereby certify that a hard copy of Moving Defendants' Motion for Consolidation

and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule

of Actions, and this Certificate of Service was served by First Class Mail on January 22, 2008, to

the following:

Alex G. Streett
James A. Streett
STREETT LAW FIRM, P.A.
107 West Main
Russellville, Arkansas 72811

**Counsel for Plaintiffs: Donald C. Erbach, Jr., et al.**, E.D. Arkansas, No. 4-07-
CV-01112

Rosemary M. Rivas
FINKELSTEIN THOMPSON LLP
100 Bush Street, Suite 1450
San Francisco, California 94101

Mila F. Bartos
Tracy Rezvani
Karen J. Marcus
Rosalee B. Connell
FINKELSTEIN THOMPSON LLP
1050 30th Street NW
Washington, DC 20007

**Counsel for Plaintiff: Sandra I. Soderstedt**, C.D. California, No. CV07-07546

Laurence D. King
Linda M. Fong
KAPLAN FOX & KILSHEIMER LLP
350 Sansome Street, Suite 400
San Francisco, California 94104

2764521v1

Lori S. Brody
KAPLAN FOX & KILSHEIMER LLP
1801 Century Park East, Suite 1460
Los Angeles, California 90067

Frederic S. Fox
Donald R. Hall
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue, 14th Floor
New York, New York 10022

Elizabeth A. Fegan
HAGENS BERMAN SOBOL SHAPIRO LLP
820 North Boulevard, Suite B
Oak Park, Illinois 60301

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Fifth Avenue, Suite 2900
Seattle, Washington 98101

**Counsel for Plaintiff: Kim A. Cosgrove**, C.D. California, No. CV07-07544

Paul J. Geller
Jack Reise
Stuart A. Davidson
James L. Davidson
Elizabeth A. Shonson
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
120 E. Palmetto Park Road, Suite 500
Boca Raton, Florida 33432-4809

John J. Stoia, Jr.
Rachel L. Jensen
COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, California 92101

Adam Balkan
John Patterson
BALKAN & PATTERSON, LLP
601 South Federal Highway, Suite 302
Boca Raton, Florida 33432

**Counsel for Plaintiffs: Simon Bertanowski, et al.**, S.D. Florida, No. 07-22941

2

Ben Barnow
Sharon Harris
Erich Schork
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602

Aron D. Robinson
THE LAW OFFICE OF ARON D. ROBINSON
19 South LaSalle Street, Suite 1300
Chicago, Illinois 60603

Scott R. Tack
ALLEN ALLEN & TACK
P.O. Box 1409
210 Chickasha Avenue
Chickasha, Oklahoma 73023

Lance A. Hark, P.A.
Sara Clasby Engel, P.A.
HARKE & CLASBY LLP
155 South Miami Avenue, Suite 600
Miami, Florida 33130

**Counsel for Plaintiff: Robyn Williams**, N.D. Illinois, No. 07CV6387

Ralph K. Phalen
RALPH K. PHALEN ATTY. AT LAW
1000 Broadway, Suite 400
Kansas City, Missouri 64105

David Spencer
MCGONAGLE SPENCER, P.C.
105 East 5th Street, Suite 302
Kansas City, Missouri 64106

Ben Barnow
BARNOW AND ASSOCIATES, P.C.
One North La Salle Street, Suite 4600
Chicago, Illinois 60602

**Counsel for Plaintiff: Michael J. Burgess**, W.D. Missouri, No. 3:07-cv-05110

Keith E. Patton
SCHMIDT & CLARK

3

2911 Turtle Creek Boulevard, Suite 1400
Dallas, Texas 75219

William N. Riley
Christopher A. Moeller
Joseph N. Williams
PRICE WAICUKAUSKI & RILEY
301 Massachusetts Avenue
Indianapolis, Indiana 46204

**Counsel for Plaintiff: Eric K. Botsch**, N.D. Texas, 07 CV 1948

Moose Enterprises Pty Ltd.
7-13 Ardena Court
East Bentleigh
Melbourne VIC 3165
AUSTRALIA

**Defendant Moose Enterprises Pty Ltd.**

I further certify that a copy of the Motion for Consolidation and Transfer for Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, Brief in Support, Schedule of Actions, and this Certificate of Service were filed by ECF on January 22, 2008, thereby notifying the above-named counsel and the following district courts in which the seven subject actions are pending:

Clerk, Eastern District of Arkansas

Clerk, Central District of California

Clerk, Southern District of Florida

Clerk, Northern District of Illinois

Clerk, Western District of Missouri

Clerk, Northern District of Texas

4

SHOOK, HARDY & BACON L.L.P.

BY: _Laurel J Harbour_

John K. Sherk, MO #35963
Laurel J. Harbour, MO #25995
Andrew D. Carpenter, MO #47454

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone (816) 474-6550
Facsimile (816) 421-5547
jsherk@shb.com
lharbour@shb.com
acarpenter@shb.com

Ronald Y. Rothstein, IL #06225965
Thomas J. Wiegand, IL #06193512
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Telephone (312) 558-5947
Facsimile (312) 558-5700
rrothstein@winston.com
twiegand@winston.com

ATTORNEYS FOR MOVING DEFENDANTS
SPIN MASTER, LTD. AND SPIN MASTER,
INC. AND DEFENDANT TARGET
CORPORATION

5

2764521v1