FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 29 2008

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

A CERTIFIED TRUE COPY
ATTEST

By April Layne on Apr 09, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Apr 09, 2008

FILED
CLERK'S OFFICE

CORRECTED

**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

FILED: APRIL 09, 2008
08CV2367      CEM
JUDGE COAR

IN RE: AQUA DOTS PRODUCTS
LIABILITY LITIGATION

MDL No. 1940

**TRANSFER ORDER**

**Before the entire Panel**[*]: Defendants Spin Master Ltd. and Spin Master, Inc., initially moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in either the Northern District of Illinois or Eastern District of Arkansas. All responding parties agreed that centralization is appropriate and variously supported selection of either of these two districts or the Central District of California as transferee forum. At oral argument, movants and plaintiffs informed the Panel that all responding parties now agree that the Northern District of Illinois is the most appropriate transferee district for this litigation.

This litigation presently consists of seven actions listed on Schedule A and pending in six districts as follows: two actions in the Central District of California and one action each in the Eastern District of Arkansas, the Southern District of Florida, the Northern District of Illinois, the Western District of Missouri, and the Northern District of Texas.[1]

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Illinois will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the (1) design and manufacture of Aqua Dots, and/or (2) the adequacy of the November 2007 voluntary recall of this product. Centralization under

---

[*] Judge Scirica took no part in the disposition of this matter. Another Panel member who could be a member of a putative class in this litigation has renounced his participation in this class and has participated in this Panel decision.

[1] The Panel has been notified that two other related actions have recently been filed, one action each in the Northern District of Illinois and the Western District of Kentucky. These actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK
By: s/WILLIE A. HAYNES
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE APRIL 28, 2008

-2-

Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings–especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

We further find that the Northern District of Illinois is an appropriate transferee district for this litigation, because (1) the Illinois district is relatively conveniently located in relation to documents and witnesses located at Spin Master Ltd.'s Canadian headquarters, and (2) all parties now agree upon centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Illinois are transferred to the Northern District of Illinois and, with the consent of that court, assigned to the Honorable David H. Coar for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

John G. Heyburn II
Chairman

D. Lowell Jensen        J. Frederick Motz
Robert L. Miller, Jr.   Kathryn H. Vratil
David R. Hansen         Anthony J. Scirica*

IN RE: AQUA DOTS PRODUCTS LIABILITY
LITIGATION                                                    MDL No. 1940

## SCHEDULE A

<u>Eastern District of Arkansas</u> - 08cv2367

Donald C. Erbach, Jr., et al. v. Spin Master, Ltd., et al., C.A. No. 4:07-1112

<u>Central District of California</u> - 08cv2368

Kim A. Cosgrove v. Spin Master, Ltd., et al., C.A. No. 2:07-7544
Sandra Irene Soderstedt v. Moose Enterprise Pty Ltd., et al., C.A. No. 2:07-7546

<u>Southern District of Florida</u> - 08cv2369

Simon Bertanowski, et al. v. Moose Enterprise Pty Ltd., et al., C.A. No. 1:07-22941

<u>Northern District of Illinois</u>

Robyn Williams v. Spin Master, Ltd., C.A. No. 1:07-6387

<u>Western District of Missouri</u> - 08cv2370

Michael J. Burgess v. Spin Master, Ltd., C.A. No. 3:07-5110

<u>Northern District of Texas</u> - 08cv2371

Eric K. Botsch v. Spin Master, Inc., et al., C.A. No. 3:07-1948